UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEBRA HARRIS** | **CIV. ACTION NO. 3:21-01280** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JASON HILL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted, and associated request for fees and costs [doc.# 7], filed by Defendant, St. Francis Medical Center, Inc. For reasons assigned below, it is recommended that the motion to dismiss be GRANTED, and that Plaintiff's claims against Defendant, St. Francis Medical Center, be DISMISSED, with prejudice, but that Defendant's request for attorney's fees and costs be DENIED. It is further recommended that Plaintiff's claims against Defendant, Jason Hill, under Title VII and the Louisiana Employment Discrimination Law, only, be DISMISSED, with prejudice.

## Background

On April 9, 2021, Debra Harris filed the instant petition in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, to recover damages for sexual harassment and unlawful retaliation against her former employer, St. Francis Medical Center (hereinafter, "SFMC"); her alleged harasser/abuser, Jason Hill; and Hill's employer, Crothall Healthcare, Inc. (misidentified in the Petition as "Compass Group U.S.A. Inc. (Crothall Healthcare, Inc.)")[1] (hereinafter, "Crothall"). (Petition, ¶¶ I-III). Plaintiff alleged that on multiple occasions, she was subjected to sexual harassment and sexual abuse by defendant, Jason Hill. *Id*. Although Plaintiff advised

---
[1] *See* Answer [doc. # 9].

SFMC and Crothall about Hill's unwelcome sexual harassment and physical sexual conduct, she alleges that SFMC and Crothall failed to take any remedial action. *Id*., ¶¶ X-XI. Instead, on March 7, 2020, Plaintiff contends that SFMC and Crothall targeted her for retaliation and terminated her from employment on a fabricated charge. *Id*., ¶¶ XII-XIII. Plaintiff seeks to recover compensatory and punitive damages, plus attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *Id*., ¶¶ XIV-XVII.

On May 13, 2021, Defendant, Crothall, removed this matter to federal court on the basis of federal question jurisdiction. (Notice of Removal [doc. # 1]). In the notice of removal, Crothall further asserted that Plaintiff had improperly joined Defendant, Hill, because there was no individual liability under Title VII and because any delictual action against Hill was time-barred. *Id*.

On May 19, 2021, Defendant, SFMC, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted, together with an associated request for an award of attorney's fees and costs. In support of its motion, SFMC argued that Plaintiff's claims for harassment and retaliation under Title VII were time-barred because Plaintiff failed to exhaust administrative remedies prior to filing suit. Insofar as Plaintiff sought alternative or parallel relief under the Louisiana Employment Discrimination Law, Louisiana Revised Statute § 23:301, *et seq*. ("LEDL"), SFMC asserted that the claim also was time-barred because Plaintiff filed suit beyond the one-year prescriptive period. Moreover, Plaintiff failed to provide requisite notice as required by Louisiana Revised Statute § 23:303(C) before filing suit. Finally, SFMC argued that the LEDL does not recognize a cause of action for retaliation, and, in any event, the LEDL exempts non-profit corporations such as SFMC from its provisions.

Plaintiff did not file a response to the motion, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 8]. Accordingly, the motion is deemed unopposed. *Id*.

## 12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal

3

theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002).

Statutes of limitations serve as absolute bars to suit. *Nottingham v. Richardson*, 499 Fed. App'x. 368, 375 (5th Cir. 2012). Although limitations is an affirmative defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that

the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted).[2]

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## Analysis

I. **SFMC**

    a) <u>Title VII Exhaustion</u>

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc*. 296 F.3d 376, 378 -379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996). A Title VII plaintiff exhausts administrative remedies when she files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. In a "deferral state" such as Louisiana,[3] the Title VII plaintiff must file a

---

[2] "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (citation omitted).

[3] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice.

charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000) (unpubl.); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed. App'x. 212, 214 (5th Cir. 2004).

Once the plaintiff has exhausted administrative remedies by presenting her claim to the EEOC and received a right to sue letter, she must file suit in federal court within 90 days of receipt of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979). Indeed, "[a] judicial complaint that fails to allege exhaustion of administrative remedies or that the plaintiff should for some adequate reason be excused from this requirement is properly subject to dismissal." *Id*.[4]

Here, Plaintiff alleged that she was discharged from employment on March 7, 2020. (Petition, ¶ XIII).[5] It necessarily follows that all of the challenged conduct that forms the basis for this suit preceded and/or culminated by that date. Nonetheless, Plaintiff did not file the instant suit

---

*Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n.1 (5th Cir. 1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct. 1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. 2004).

[4] Title VII's charge-filing requirement is not jurisdictional. *Fort Bend Cty., Texas v. Davis*, ___ U.S. ___, 139 S.Ct. 1843, 1850 (2019). Therefore, the issue may be raised and addressed within the context of a Rule 12(b)(6) motion.

[5] Defendants contend that Plaintiff was discharged on March 7, 20**19**. *See* Notice of Removal, ¶ 11. Of course, the court must credit Plaintiff's allegation in the context of the present motion.

until April 9, 2021, more than 300 days later. In the absence of any allegation or argument by Plaintiff that she filed a charge with the EEOC, the court finds that Plaintiff failed to timely exhaust administrative remedies, and, thus, her Title VII claim against SFMC is subject to dismissal. *Moore v. Angus Chem. Co.*, Civ. Action No. 07-0415, 2008 WL 4491592, at *7 (W.D. La. Oct. 1, 2008); *Lovell v. Office of Fin. Institutions*, Civ. Action No. 18-0575, 2019 WL 1233856, at *3 (M.D. La. Mar. 15, 2019) (citations omitted).[6]

      b) <u>State Law Claims</u>

The LEDL contains a one-year prescriptive period that begins to run from the date of the alleged discriminatory act (i.e., no later than termination in this case), which is suspended for up to six months during the pendency of an administrative review or investigation by the EEOC "of the claim" at issue. *Walton-Lentz v. Innophos, Inc.*, 476 Fed. App'x. 566, 571 (5th Cir. 2012); *O'Neal v. Cargill, Inc.*, Civ. Action No. 15-7183, 2016 WL 1437873, at *6 (E.D. La. Apr. 12, 2016) (citations omitted); La. R.S. § 23:303(D). Similarly, "[c]laims for intentional infliction of emotional distress are also governed by the one-year prescriptive period for delictual actions in La. Civ. Code Ann. art. 3492." *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 187 (La. 1999).

The court reiterates that, according to Harris, she was discharged from employment on March 7, 2020, but did not commence this suit until more than one-year later on April 9, 2021. Accordingly, her LEDL claim, plus any other unarticulated claim for intentional infliction of emotional distress, are untimely on the face of the complaint. In addition, Plaintiff has offered no facts or argument to overcome the preclusive effect of the prescriptive period. Consequently, her state law claims against SFMC are time-barred and subject to dismissal.[7]

---

[6] Moreover, Plaintiff provided no grounds to excuse her inaction or to otherwise toll the 300-day period.

[7] In light of the undersigned's recommended disposition of SFMC's uncontested timeliness

      c)      <u>Fees and Costs</u>

SFMC seeks an award of attorney's fees under both § 706(k) of the Title VII, codified at 42 U.S.C. § 2000e-5(k), and Louisiana Revised Statute § 23:303(B). The federal statute provides that,

> [i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

Louisiana's parallel provision under the LEDL states that "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs." La. R.S. § 23:303(B). Courts employ the same standard for assessing fees under § 706(k) to determine the propriety of an award under analogous § 23:303(B). *See Luke v. CPlace Forest Park, SNF, LLC*, Civ. Action No. 13-0402, 2014 WL 5609537, at *7 (M.D. La. Nov. 4, 2014); *Provensal v. Gaspard*, Civ. Action No. 10-4276, 2012 WL 4372360, at *2 (E.D. La. Sept. 24, 2012), *aff'd,* 524 Fed. App'x. 974 (5th Cir. 2013) (Title VII's "frivolousness" analysis is instructive).

The legislative history of § 706(k) indicates that although "Congress wanted to clear the

---

argument, the court need not address SFMC's additional bases for dismissal. Nonetheless, the court further finds that, as a non-profit corporation, SFMC is not an "employer" subject to the provisions of the LEDL. *See* La. R.S. § 23:302(2)(b); https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=5682_19BDC854BA (Louisiana Secretary of State website showing that SFMC is a non-profit corporation) (last visited on July 13, 2021); *Foreman v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, Civ. Action No. 13-0780, 2013 WL 5410135, at *5 (W.D. La. Sept. 25, 2013) (Our Lady of Lourdes Regional Medical Center, Inc. is a nonprofit corporation and thus not an "employer" for purposes of the LEDL).

way for suits to be brought . . . it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 420; 98 S.Ct. 694, 700 (1978). Potential fee awards to defendants would serve "to deter the bringing of lawsuits without foundation . . . to discourage frivolous suits . . ." *Id*. However, the possibility of an attorney's fees award to a prevailing defendant should not be so readily available that it would chill the initiation and prosecution of meritorious civil rights or employment discrimination actions. *See Holmes v. City of New York*, Civ. Action No. 19-1628, 2020 WL 918611, at *18 (S.D.N.Y. Feb. 26, 2020) (citation omitted).

Consequently, "attorney's fees for prevailing defendants are presumptively *unavailable* unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978)). The action must be meritless in the sense that it is groundless or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178 (1980). The fact that a plaintiff may ultimately lose is not in itself sufficient justification for the assessment of fees. *Id*.

Factors that are important to frivolity determinations include whether the plaintiff "established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial." *Cantu Servs., Inc. v. Frazier*, 682 Fed. App'x. 339, 342 (5th Cir. 2017) (citations omitted). These factors, however, remain "guideposts," and frivolousness must be judged on a case-by-case basis. *Provensal v. Gaspard*, 524 Fed. App'x. 974, 976 (5th Cir. 2013) (citation omitted). Courts must ensure that they do not rely on "perfect hindsight" when assessing frivolousness. *Id*. (citation omitted).

9

Applying the foregoing considerations here, the court finds that Plaintiff's complaint arguably sets forth a prima facie case for sexual harassment and/or retaliation, that Defendant did not offer to settle, and that the undersigned has recommended dismissal of Plaintiff's claims against SFMC, without the necessity of holding a trial. Of course, the issue is that Plaintiff did not exhaust administrative remedies before filing suit, and otherwise failed to file suit timely. Moreover, SFMC represented that it asked Plaintiff to dismiss it from the lawsuit before it incurred the expense of filing the instant motion -- to no avail.

The court certainly is sympathetic to the burden and expense that this suit has occasioned on SFMC. However, the court is not persuaded that Plaintiff's claims against SFMC necessarily were groundless. Furthermore, Plaintiff likely did not fully appreciate the strength of SFMC's position until after the instant motion was filed. Indeed, once the motion was filed, Plaintiff did not oppose it. Under these circumstances, where Plaintiff ceased to prosecute the matter as soon as she was faced with irrefutable argument illustrating the shortcomings of her case, the undersigned will not recommend an award of fees and costs.

## II.     Jason Hill[8]

Insofar as Plaintiff's complaint purports to assert a claim under Title VII against Defendant, Jason Hill, the court observe that "Fifth Circuit precedent is clear that individual employees are not subject to personal liability under Title VII." *Wilson v. New Wendys, Inc.*,

---

[8] Hill did not join in the instant motion to dismiss. However, the court possesses the inherent authority to dismiss a party (or claims) *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties); *Thomas v. Texas Dept. of Family and Protective Services*, 427 Fed. Appx. 309 (5th Cir. 2011) (sua sponte dismissal on 11th Amendment grounds).

Civ. Action No. 18-1049, 2019 WL 6247823, at *3 (W.D. La. Nov. 20, 2019) (Doughty, J.) (citations omitted). Likewise, any claim against Hill under the LEDL faces the same obstacle and fate as the Title VII claim: "Louisiana courts have consistently held that neither co-employees nor supervisors are subject to individual liability under the LEDL." *Hilliard v. Par.*, 991 F. Supp.2d 769, 777–78 (E.D. La. 2014) (citations omitted); *Jaurdon-Simmons v. Tramontin*, Civ. Action No. 20-435, at *3 (M.D. La. Dec. 9, 2020), *R&R adopted*, 2021 WL 76962 (M.D. La. Jan. 8, 2021) (there is no individual liability under the LEDL).

Accordingly, Plaintiff fails to state a claim for relief against Hill under Title VII and the LEDL.[9]

### Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Defendant, St. Francis Medical Center, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted [doc.# 7] be GRANTED, and that Plaintiff's claims against said Defendant only be DISMISSED with prejudice, in their entirety. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that Defendant, St. Francis Medical Center, Inc.'s associated request for an award of attorney's fees and costs [doc. # 7] be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Defendant, Jason Hill, under Title VII and the Louisiana Employment Discrimination Law, only, be DISMISSED with prejudice.

---

[9] Plaintiff's state law tort claim against Hill for sexual assault remains pending. *See* La. Civ. Code Art. 3496.2 (three-year liberative prescription period for sexual assault). Plaintiff's claims against Defendant Crothall also remain pending, but arguably subject to a binding and mandatory arbitration agreement between the parties. *See* Answer [doc. # 9].

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 14th day of July, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE